YOUNG JOHNSON v. THE STATE.

1. MANSLAUGHTER—CHARGE OF COURT.—On a trial for murder where the testimony is such that a jury might find a verdict for manslaughter, that offense should be distinctly defined in the charge; the refusal of such charge is ground for reversal.

2. SAME.—See instructions held to be correct as law, but, applied to the facts, erroneoues as a charge upon the weight of evidence.

3. SAME.—Manslaughter is voluntary homicide committed under the influence of sudden passion arising from adequate cause but neither justified nor excused by law. The articles in the code following on the subject are explanatory but not legislative restrictions; any other case within the definition would be manslaughter.

APPEAL from Harrison. Tried below before the Hon. J. L. Camp, Judge of the Criminal Court of Marshall.

*W. H. Pope* and *George L. Hill & G. B. Lipscomb*, for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

IRELAND, ASSOCIATE JUSTICE.—The appellant was indicted in the Criminal District Court of Harrison county for the murder of Ira Brooks, and found guilty of murder in the second degree and sentenced to confinement in the penitentiary for twenty-seven years. There was a motion for a new trial, which was overruled and the case appealed to this court.

Up to the time of the difficulty in which the killing took place appellant and the deceased were on terms of intimacy, as may be fairly deduced from the testimony.

There was no cessation of hostilities from its inception to the time of the killing, and only a few minutes elapsed between those periods. At the trial defendant's counsel requested the court to charge the jury that "if they believe from the evidence that the defendant had a severe and hot personal conflict with the deceased, and that from this conflict the mind of defendant became so enraged by any of the emotions of the mind, such as rage, sudden resentment, anger, fear, or terror, and that if these emotions, or either of them, so controlled the defendant as to render him incapable of cool reflection, and that this emotion possessed him at the time he shot, then he is guilty of manslaughter," which was refused by the court.

The judge, after charging the jury as to murder in the first and second degrees, said: "In order to reduce an offense from murder to manslaughter it is not enough that the mind was merely agitated by passion arising from some provocation, but the provocation must have arisen at the time of the commission of the offense, and this provocation must not only have been such as would produce a degree of anger, rage, resentment, or terror in a person

of ordinary temper sufficient to render the mind incapable of cool reflection, but also that this state of the mind must have actually existed at the time of the commission of the offense. Unless these ingredients of mitigation enter into the case, and the facts otherwise authorize it, the offense will be either murder in the first degree or murder in the second degree; * * * * but if committed under the immediate influence of sudden passion arising from an adequate cause, but neither justified nor excused by law, it will be manslaughter. But neither insulting words nor gestures, nor an assault and battery so slight as to show no intention to inflict pain or injury are adequate causes." We have copied this charge touching manslaughter for the purpose of more clearly presenting our views upon it.

The charge cannot be said not to be law, but we believe that it did not present the law of this case in as full and complete a manner as the case required. It will be seen that it is throughout presented on manslaughter in a negative form, and is believed well calculated to impress upon the jury the idea that in the opinion of the court the facts in this case would not justify them in reducing the offense to manslaughter.

There are cases often occurring in which the court is not called upon to charge the jury upon the law of homicide of a less grade than murder; but when the case will admit of a charge on murder in the second degree, or manslaughter, the defendant would be entitled to a fair exposition of the law as to these grades of the offense. If this were a case in which a jury would have been warranted in finding the defendant guilty of manslaughter, and we are not prepared to say that this consideration should have been withdrawn from the jury, then the law of manslaughter should have been given to the jury disconnected from the negations to be based in the charge.

A charge on that point given as this was might well be held to be upon the weight of the evidence. Too great

prominence was given to the necessity of the presence of the circumstances of mitigation in order to reduce the offense to manslaughter. After giving the law, as was done in the case, the judge should have given a distinct, independent charge on manslaughter, telling the jury in a proper form that if they found from the testimony that the circumstances did exist which would reduce the offense to manslaughter, they could only find him guilty of that offense.

"Manslaughter is voluntary homicide committed under the immediate influence of sudden passion arising from an adequate cause, but neither justified nor excused by law." (Paschal's Dig., 2250.) Articles 2251, 2252, 2253, and 2254, are explanatory of article 2250. We do not understand that these explanations and examples are legislative restrictions, and that in no case can a homicide be reduced from murder to manslaughter unless the party can bring himself within the rules and examples given. We regard the law rather as giving instances or examples by which the mind could be rendered incapable of cool reflection, but that at least we must bring each case to the test to be found in article 2250, Paschal's Digest.

Certainly in the law that we have referred to will be found reasons why a case coming within their purview should be held to be murder—as if A takes B in adultery with his wife, they meet and quarrel in consequence, separate, and on meeting again five days thereafter, A slays B for no other reason than this adulterous intercourse; this would be murder, because, in the language of subdivision, (Paschal's Dig., art. 2551,) the provocation did not arise at the time of the killing.

We are not to be understood as saying that the case made in this record would not support a verdict of murder in the second degree, but simply that we are not prepared to say that the case should have been treated as one of murder only, and that inasmuch as the court below saw

proper to allow the jury to consider the question of man-slaughter, we do not think the charge as given was as full and explicit on that subject as it should have been, and that the charge requested by defendants' counsel or one of like import should have been given.

The refusal of the court to give the charge asked was error. In the view we take of the case, consideration of the other questions is unnecessary.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.